UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80199-CIV-MARRA/JOHNSON

ELLEN SUE EISENBERG, M.D.,

 Plaintiff,
vs.

STANDARD INSURANCE COMPANY,

 Defendant.
_____/

**ORDER AND OPINION ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant, Standard Insurance Company's ("Defendant" or "Standard") Motion to Dismiss Complaint (DE 4).  Plaintiff Ellen Sue Eisenberg, M.D. ("Plaintiff" or "Eisenberg") filed a response to the motion (DE 5), and Defendant filed a reply (DE 6).  The Court has carefully reviewed the motion, the response, and the reply, and is otherwise fully advised in the premises.

**Background**

On February 17, 2009, Plaintiff filed a Complaint against Defendant, alleging a Claim for Disability Benefits/ Breach of Fiduciary Duty (Count I) and Declaratory Decree (Count II).  The facts, as alleged in the Amended Complaint, are as follows:

At all times material hereto, Standard was responsible for administering claims under a Group Long Term Disability Policy ("Policy") bearing Policy No. 642152-C provided by Plaintiff's employer, Pediatrix Medical Group, under a qualified Employee Benefit Plan.  Comp. ¶ 5; Exhibit A.  Prior to July 12, 2003, Plaintiff was provided long term disability insurance coverage through the Policy with payable monthly benefits of 60% of the first $21,667 of

Plaintiff's Predisability Earnings, reduced by Deductible Income, per month.  Comp. ¶ 6.  At all times material hereto, the Policy was in full force and affect and applicable to Plaintiff.  Plaintiff performed all conditions precedent to the filing of this action, including the filing of a disability insurance claim, and the exhaustion of all administrative remedies, including appeals to Standard which Standard denied on or about September 11, 2007. Comp. ¶ 7.  Before suit was filed, Plaintiff submitted additional information which expressly and unequivocally addressed the issues and evidence raised by Standard in its letter denying the appeal. Comp. ¶ 8.

The Policy issued by Standard to Plaintiff, including all applicable endorsements, provided Plaintiff would be entitled to Disability benefits if she became Disabled as defined by the Policy. Comp. ¶ 9, 10.  On October 23, 2003, and in compliance with the terms of the Policy, Plaintiff filed a claim with Standard, complete with supporting medical documentation indicating that Plaintiff had become Disabled as defined by the Policy.  Compl. ¶ 11.  Standard paid Disability benefits to Plaintiff, as required by the Policy, until it arbitrarily and capriciously discontinued Plaintiff's benefits.  Compl. ¶ 12.  Standard further denied Plaintiff's appeal on or about September 11, 2007. Compl. ¶ 12.  Standard has failed to pay Plaintiff's Disability benefits as required by the Policy, causing Plaintiff to sustain damages. Compl. ¶ 13-16.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

Count I - Claim for Disability Benefits/ Breach of Fiduciary Duty

In the Complaint, Plaintiff alleges that pursuant to 29 U.S.C. § 1132(a)(1)(B), "[t]his is an

action to recover Plan benefits, to enforce rights under the terms of the Plan, and/or to clarify rights to future benefits under the terms of the Plan." Compl. ¶ 2.  Plaintiff maintains that the "gravamen of this action" is to seek the recovery of benefits to Plaintiff after Standard allegedly wrongfully terminated Plaintiff's disability benefits and that her sole remedy in Count I is the recovery of disability benefits pursuant to 1132(a)(1)(B). DE 5 at 1-2.  Nonetheless, in Count I, Plaintiff attempts to intertwine a breach of fiduciary claim into her claim for disability benefits. See Compl. ¶ 11-16.  Defendant moves to dismiss the breach of fiduciary duty allegations on the ground that a claim for breach of fiduciary is not available under Section 1132(a)(1)(B).  Plaintiff concedes that it does not have a viable claim for breach of fiduciary duty and that she seeks nothing more than recovery of Plan benefits.  However, she requests that the Complaint be corrected through deletion by interlineation rather than by amending the Complaint.  See DE 5 at 1-3.  For purposes of clarity of the operative pleadings, and to avoid confusion, the Court will dismiss Count I of the Complaint, without prejudice to amend to state only a claim for disability benefits.

Count II - Declaratory Decree

In Count II, Plaintiff seeks a declaratory judgment as to Plaintiff's entitlement to disability benefits pursuant to her Policy with Standard.  Compl. ¶ 17-24. The Declaratory Judgment Act, 28 U.S.C. § 2201 states in pertinent part:

> (a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.  The Supreme Court has held that "[t]he Declaratory Judgment Act was an authorization, not a command.  It gave the federal courts competence to make a declaration of

rights; it did not impose a duty to do so." Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112 (1962). "The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971).[1]  "The purpose behind the Declaratory Judgment Act is to afford a [ ] form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Casualty Indem. Exch. v. High Croft Enter., 714 F. Supp. 1190, 1193 (S.D. Fla. 1989).  The Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." See 10B C. Wright & A. Miller, Federal Practice & Procedure, Civil 3d § 2751 (2004).

Plaintiff's declaratory relief claim asks the Court to make factual determinations regarding possible breaches of contract that Standard is alleged to have committed.  However, questions regarding whether a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act.

> A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract.  It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the defendant's request for declaratory judgment moot or redundant.

Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc., 2007 WL 2811080, *2 (E.D. Mo. 2007) (citation omitted). Indeed, the purpose of the Declaratory Judgment Act is to clarify the

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. See Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

legal relations at issue and to settle controversies prior to a legal breach of duty or contract.  See e.g., Keener Oil & Gas Co. v. Consolidated Gas Utilities Corp., 190 F.2d 985, 989 (10th Cir. 1951) ("a party to a contract is not compelled to wait until he has committed an act which the other party asserts will constitute a breach, but may seek relief by declaratory judgment and have the controversy adjudicated in order that he may avoid the risk of damages or other untoward consequences.").   Here, the Court concludes that Plaintiff has failed to allege sufficiently a basis upon which declaratory relief would be appropriate.  Therefore, the Court grants Defendant's motion to dismiss Count II.

**Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss Complaint (DE 4) is GRANTED.  Plaintiff's Complaint (DE 1) is hereby DISMISSED, with leave to file an amended complaint consistent with this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of June, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record