UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80199-CIV-MARRA/JOHNSON

ELLEN SUE EISENBERG, M.D.,

    Plaintiff,

vs.

STANDARD INSURANCE COMPANY,

    Defendant.
_____/

**ORDER AND OPINION ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant, Standard Insurance Company's ("Defendant" or "Standard") Motion to Dismiss Count II of Amended Complaint (DE 20). Plaintiff Ellen Sue Eisenberg, M.D. ("Plaintiff" or "Eisenberg") filed a response to the motion (DE 23), and Defendant filed a reply (DE 24). The Court has carefully reviewed the motion, the response, and the reply, and is otherwise fully advised in the premises.

**Background**

On February 17, 2009, Plaintiff filed a Complaint against Defendant, alleging a Claim for Disability Benefits/ Breach of Fiduciary Duty (Count I) and Declaratory Decree (Count II). Defendant filed a motion to dismiss both counts (DE 4), which the Court granted. See DE 12. [1] The Court allowed Plaintiff leave to file an amended complaint consistent with the Order dismissing Plaintiff's Complaint. See DE 12 at 6.

Plaintiff subsequently filed an Amended Complaint (DE 16), alleging a Claim for

---

[1] The Court assumes the reader's familiarity with its Order and Opinion on Motion to Dismiss (DE 12), entered June 25, 2009.

Disability Benefits (Count I) and Declaratory Decree (Count II).  Defendant moves to dismiss Count II of the Amended Complaint with prejudice, arguing that the amended Count II, like its predecessor, fails to state a claim upon which relief can be granted.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

**Discussion**

In Count II, Declaratory Decree, just as in Count II of the original Complaint, Plaintiff seeks a declaratory judgment "to declare the rights and other legal relations between Eisenberg and Standard." Compare Compl. ¶ 17; Am. Compl. ¶ 17.  Additionally, in both the prior and amended Count II, Plaintiff claims that Standard has skewed the definition of some terms and provisions in the policy, including but not limited to "Disability," "Own Occupation", and "Other Limited Conditions," and asks the Court to interpret these terms. Compare Compl. ¶ 18; Am. Compl. ¶ 18.  The only substantive change to the amended Count II is that it states that Plaintiff may only seek a judgment under Count I for benefits up through the date the Court enters judgment (if Plaintiff were to prevail in Count I) and that a declaratory judgment could address Plaintiff's "future entitlement to benefits." Am. Comp. ¶ 18, 19.

The Declaratory Judgment Act, 28 U.S.C. § 2201 states in pertinent part:

(a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.  The Supreme Court has held that "[t]he Declaratory Judgment Act was an

authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112 (1962). "The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971).[2] "The purpose behind the Declaratory Judgment Act is to afford a [ ] form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Casualty Indem. Exch. v. High Croft Enter., 714 F. Supp. 1190, 1193 (S.D. Fla. 1989). The Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." See 10B C. Wright & A. Miller, Federal Practice & Procedure, Civil 3d § 2751 (2004).

Questions regarding whether a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act.

> A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract. It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the defendant's request for declaratory judgment moot or redundant.

Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc., 2007 WL 2811080, *2 (E.D. Mo. 2007) (citation omitted).

Here, the Court again concludes that Plaintiff has failed to allege sufficiently a basis upon

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. See Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

which declaratory relief would be appropriate. If the policy terms referenced in Count II are at issue in the present dispute, then the Court will construe them as needed when it adjudicates Count I. The Court's interpretation of the policy terms will be binding on the parties in any subsequent dispute. See Cotton States Mutual Ins. Co. v. Anderson, 749 F.2d 663, 666 (11th Cir.1984) (Collateral estoppel is appropriate when "the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action.") (internal citation and quotation omitted). Additionally, to the extent that Count II seeks interpretation of policy terms that are not at issue in the present dispute over disability benefits, no "actual case or controversy" exists. See Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971). To meet the "actual controversy" requirement, the controversy "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999).

For the declaration Plaintiff requests in Count II to become relevant "to any future entitlement to benefits," see Am. Comp. ¶ 19, the following events would have to occur: (1) Plaintiff prevailing as to Count I so that her disability benefits are reinstated; (2) Defendant deciding to terminate her disability benefits at some point in the future; and (3) Plaintiff challenging a future termination decision based upon an allegedly incorrect interpretation of the policy terms identified in Count II. There is no way for the Court to know whether any or all of these events will ever occur. As such, Count II is "conjectural, hypothetical, or contingent" and thus fails to meet the "actual controversy" requirement. Malowney, 193 F.3d at 1347. Accordingly, the Court grants Defendant's motion to dismiss Count II.

**Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss Count II of Amended Complaint (DE 20) is GRANTED.  Count II of Plaintiff's Amended Complaint (DE 1) is hereby DISMISSED[3].

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of October, 2009.

                                                                                                                    KENNETH A. MARRA
                                                                                                                    United States District Judge

copies to:
All counsel of record

---

[3] As it appears from Plaintiff's amendment that any further amendment would be futile, the dismissal of Count II is with prejudice.